[Cite as *Dempsey v. Shawnee Hills*, 2015-Ohio-257.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| FREDRICK DEMPSEY | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellant | Hon. W. Scott Gwin, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | Case No. 14 CAH 03 0015 |
| VILLAGE OF SHAWNEE HILLS | |
|     Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Delware County Court of
Common Pleas, Case No. 12 CVF 12 1416

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT ENTRY:    January 15, 2015

APPEARANCES:

For Plaintiff-Appellant      For Defendant-Appellee

FREDERICK R. DEMPSEY      PAUL-MICHAEL LA FAYETTE
68 Buckeye Drive      Poling Law
Powell, Ohio 43065      300 East Broad S. Suite 350
Columbus, Ohio 43215

*Hoffman, P.J.*

{¶1} Plaintiff-appellant Fredrick Dempsey appeals the February 12, 2014 Judgment Entry entered by the Delaware County Court of Common Pleas, which granted defendant-appellee Village of Shawnee Hills' ("the Village") motion to dismiss for lack of standing.

## STATEMENT OF THE FACTS AND CASE

{¶2} On October 12, 2012, David Armeni filed an application for conditional use with the Village relating to property adjacent to Dempsey's property. Pursuant to Shawnee Hills Ordinance 1133.02(b), the Village sent a letter to each "Adjoining/Affected Property Owner", including Dempsey, which provided notice of the application as well as the hearing scheduled before the Village Board of Zoning Appeals ("BZA") on November 13, 2012.

{¶3} Dempsey, a practicing attorney licensed in the State of Ohio, attended the BZA hearing and verbally opposed the application. At the conclusion of the hearing, the BZA orally granted the application. The BZA did not render a written decision. However, the November 13, 2012 hearing was recorded. Pursuant to R.C. 2506.01, Dempsey filed a timely appeal of the BZA's decision to the Delaware County Court of Common Pleas.

{¶4} The Village filed a motion to dismiss for lack of standing. Therein, the Village argued Dempsey had failed to establish standing during the BZA hearing. Via Judgment Entry filed February 12, 2014, the trial court granted the Village's motion to dismiss.

**{¶5}** It is from this judgment entry Dempsey appeals, raising the following as error:

**{¶6}** "I. THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT-APPELLEE'S MOTION TO DISMISS FOR LACK OF STANDING AND DENIED ALL OTHER PENDING MOTIONS AS BEING MOOT."

I

**{¶7}** The issue of standing is a question of law; therefore, is reviewed de novo. *Dinks II Company, Inc. v. Chagrin Falls Village Council,* 8th Dist. No. 84939, 2005-Ohio-2317, at ¶ 16, citing *Shelton v. LTC Management Services,* 4th Dist. No. 03CA10, 2004-Ohio-507, at ¶ 5.

**{¶8}** The common-law doctrine of standing provides only those individuals who can demonstrate a present interest in the subject matter of the litigation and who have been prejudiced by the decision at issue are entitled to appeal the same. *Willoughby Hills v. C.C. Bar's Sahara, Inc.,* 64 Ohio St.3d 24, 26, 591 N.E.2d 1203, 1992-Ohio-111. The burden of establishing such entitlement rests with the individual seeking to appeal. *Id.,* see, also, *Fahl v. City of Athens,* 4th Dist. No. 06CA23, 2007-Ohio-4925, at ¶ 14.

**{¶9}** R.C. 2506.01 specifically limits the right to appeal an administrative decision to final decisions which determine "rights, duties, privileges, benefits or legal relationships of a person * * *." R.C. 2506.01(C). The statute, however, fails to specifically identify *who* has standing to appeal administrative decisions.

**{¶10}** In *Roper v. Bd. of Zoning Appeals, Township of Richfield* (1962), 173 Ohio St. 168, 180 N.E.2d 591, the Ohio Supreme Court determined it would be inappropriate to limit standing, as it pertains to an administrative appeal, to parties whose applications

for zoning modification had been denied. The Court reasoned, such a "'heads I win, tails you lose'" approach would be contrary to the intent of the administrative appeals statute and "repugnant" to the sensibilities of the Court's majority. *Id.* at 173, 180 N.E.2d 591. Thus, the *Roper* Court held standing to appeal an administrative decision lies in an applicant for a zoning change as well as:

> A resident, elector and property owner of a township, who appears before the township Board of Zoning Appeals, is represented by an attorney, opposes and protests the changing of a zoned area from residential to commercial, and advises the board, on the record, that if the decision of the board is adverse to him he intends to appeal from the decision to a court, has the right of appeal to the Common Pleas Court if the appeal is properly and timely made pursuant to Sections 519.15 and 2506.01 to 2506.04, inclusive, and Chapter 2505, Revised Code." *Id.* at syllabus.

{¶11} In *Schomaeker v. First Natl. Bank of Ottawa* (1981), 66 Ohio St.2d 304, 421 N.E.2d 530, the Court built upon its holding in *Roper,* supra, stating a party must be "a person directly affected" by the administrative decision to have standing to appeal pursuant to R.C. Chapter 2506. *Id.* at 312. The *Schomaeker* Court held:

> A person owning property contiguous to the proposed use who has previously indicated an interest in the matter by a prior court action challenging the use, and who attends a hearing on the variance together with counsel, is within that class of persons directly affected by the administrative decision and is entitled to appeal under R.C. Chapter 2506.

{¶12} In *Willoughby Hills,* supra, the Court explained the "directly affected" language in *Schomaeker* merely serves to clarify the basis upon which a private property owner, as distinguished from the public at large, could challenge the board of zoning appeals' approval of the variance. The private litigant has standing to complain of harm which is unique to himself. In contrast, a private property owner across town, who seeks reversal of the granting of a variance because of its effect on the character of the city as a whole, would lack standing because his injury does not differ from that suffered by the community at large. The latter litigant would, therefore, be unable to demonstrate the necessary unique prejudice which resulted from the board's approval of the requested variance. *Willoughby Hills,* supra, at 27, 591 N.E.2d 1203.

{¶13} In conjunction with this clarification, the Court in *Willoughby Hills* rephrased, but essentially reiterated the requirements set forth in *Roper* and *Shomaeker,* stating: "[a]djacent or contiguous property owners who oppose and participate in administrative proceedings concerning the issuance of a variance are equally entitled to seek appellate review under R.C. 2504.01." *Id.* at 26, 180 N.E.2d 591.

{¶14} The trial court ruled Dempsey lacked standing to bring the appeal, finding, although Dempsey was present and actively participated in the November 13, 2012 hearing, he failed to show how he, "as an adjacent property owner, would suffer unique harm to himself if the conditional use was granted." February 12, 2014 Judgment Entry at 6. We find the trial court erred in finding Dempsey lacked standing and in dismissing his appeal.

{¶15} To reiterate, in *Schomaeker*, the Ohio Supreme Court held, "*A person owning property contiguous to the proposed use* who has previously indicated an

interest in the matter * * * and who attends a hearing on the variance together with counsel, *is within that class of persons directly affected* by the administrative decision and *is entitled to appeal* under R.C. Chapter 2506." *Schomaeker* at Headnote 11.

{¶16} Applying *Schomaeker*, we find Dempsey was within the class of persons directly affected by the decision. Because he appeared before the BZA, represented himself, opposed and protested the zoning change, and advised the BZA, on the record, he intended to appeal from the decision, we find he has standing to appeal under R.C. Chapter 2506.

{¶17} The decision of the Delaware County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings.

By: Hoffman, P.J.

Gwin, J.  and

Farmer, J. concur